# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50330 | **DATE** | 6/21/2004 |
| **CASE TITLE** | RIVERA vs. ROCKFORD TOWNSHIP HIGHWAY DEPT., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Rivera's claim against Union for breach of the duty of fair representation (Count I) is dismissed with prejudice. Rivera's claim against RTHD for breach of the CBA for failure to arbitrate (Count II) is dismissed with prejudice. Union's motion to dismiss Count VI is denied. RTHD's motions to strike and to exclude evidence are denied.

*Philp G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | 6-23-04 date docketed | | 26 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 6-22-04 date mailed notice | | |
| /SEC | courtroom deputy's initials | U. S. DISTRICT COURT 2004 JUN 22 PM 3: 10 Date/time received in central Clerk's Office | | jxw mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Count I of plaintiff Lonette Rivera's ("Rivera") First Amended Complaint against defendant, International Brotherhood of Teamsters Local 325 ("Union"), alleges that the Union breached its duty of fair representation to her by not arbitrating her claim with the second defendant, the Rockford Township Highway Department ("RTHD"), pursuant to the Labor Management Relations Act, 29 U.S.C. §185. Rivera's Count VI against the Union alleges the Union did not arbitrate her claim with the RTHD because of her gender, giving rise to a claim of discrimination based on sex under Title VII of the Civil Rights Act of 1964, 2000e, et seq. Jurisdiction is proper under 28 U.S.C. §1331. The Union moves to dismiss Counts I and VI pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Union argues Rivera's Count I claim for breach of the duty of fair representation should be dismissed because no CBA existed at the time Rivera was terminated and further that the claim is barred by the statute of limitations. The Union also argues that Rivera's Count VI claim for sex discrimination lacks a sufficient allegation that gender was a motivating factor for any employment practice.

Rivera's Count II alleges that the RTHD breached the terms of its collective bargaining agreement ("CBA") with the Union by refusing to arbitrate her grievance. The RTHD moves to dismiss this count pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, claiming no CBA existed at the time of Rivera's request for arbitration and that it was therefore not bound to grant it to her. The RTHD also moves to strike, pursuant to FRCP 12(f), Rivera's references in her amended complaint to an existing CBA after July 30, 2001 as they pertain to all counts against the RTHD. In addition, the RTHD makes a motion to exclude evidence under Federal Rule of Evidence 408 that the RTHD settled a previous sexual harassment charge with Rivera, the assertion is stated in Paragraph 14 of her amended complaint.

On a motion to dismiss under FRCP 12(b)(6), "the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in (non-moving) plaintiff's favor." Brownlee v. Joe Cotton Ford, Inc., 1999 U.S. Dist LEXIS 1348, at *3 (N.D. Ill. Feb. 5, 1999), citing Midwest Grinding Co. v. Spitz, 976 F. 2d 1016, 1019 (7th Cir. 1992). A complaint should be dismissed where it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief. Mattice v. Mem'l Hosp. of S. Bend, 249 F.3d 682, 684 (7th Cir. 2001).

Rivera's factual allegations are, inter alia, that on December 13, 2000 she filed a sexual harassment charge against the RTHD; Rivera alleges she was retaliated against as a result of her filing. That charge, separate from the one currently at issue, was settled in March 2002. The Union, of which Rivera is a member, had a CBA with the RTHD that was to renew itself for another year on July 31, 2001 unless either party informed the other in writing by May 1, 2001 that it would seek to re-negotiate the CBA's terms, resulting in termination of the existing CBA. In December 2001 the Union successfully arbitrated the grievance of a male employee. On July 18, 2002 Rivera was notified of her termination from employment with the RTHD. Rivera asserts that her termination was prompted due to her gender: that she was fired because she was a woman. On July 27, 2002, upon receiving a complaint from Rivera, the Union filed a grievance on her behalf with the RTHD and declared, on October 10, 2002, a desire to arbitrate the matter. Rivera received a letter from the Union on February 10, 2003 stating that the Union could not arbitrate her grievance because the RTHD did not accede to the existence of a CBA. On August 21, 2003 Rivera filed suit against the Union and the RTHD. Counts I and VI, specified above, pertain to the Union as the defendant; Counts II-V name the RTHD as the defendant, with only Count II at issue in the pending motion by the RTHD.

As for Rivera's Count I and Count II allegations, that the Union breached its duty of fair representation to her by not arbitrating her claim with the RTHD as permitted by the CBA, and that the RTHD breached the terms of the CBA by failing to arbitrate her grievance, the Supreme Court has held that a union owes its members a duty of fair representation which it breaches when it represents members in a discriminatory manner. DelCostello v. Int. Bhd. of Teamsters, 462 U.S. 151, 154-55 (1983). Claims against unions for breach of this duty are subject to a six-month statute of limitations period. Christiansen v. APV Crepaco, Inc., 178 F.3d 910 (7th Cir. 1999); Chapple v. Nat'l Starch & Chem. Co., 178 F.3d 501 (7th Cir. 1999). The six-month statute of limitations applies in hybrid suits where the plaintiff sues her employer for breaching a collective bargaining agreement in addition to the union for failing to fairly represent her interests. Christiansen, 178 F.3d at 914. The period "begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. Id.

Even assuming a CBA, existed the facts are that Rivera discovered the Union would not arbitrate her claim against the RTHD on February 10, 2003, giving her six months from that day to file suit against the Union for an alleged breach of its duty of fair representation. The complaint was not filed, however, until August 21, 2003, eleven days after the six-month statute of limitations had expired, time-barring the complaint. The Union's motion to dismiss plaintiff's Count I on this basis is granted.

In its defense to Count II, the RTHD also attempts to dismiss the count by arguing it was not bound to arbitrate Rivera's grievance because there was no existing CBA, arguing that any pre- existing CBA terminated on July 30, 2001. Whether there was an existing CBA when Rivera sought to arbitrate her grievance need not be decided because Rivera's complaint was filed after the expiration of the six-month statute of limitations for hybrid suits, time-barring her complaint. Consequently, Rivera's Count II against the RTHD is dismissed.

Count VI alleges the Union did not arbitrate Rivera's claim with the RTHD based on her gender giving rise to a claim of discrimination based on sex. Labor unions may be liable under under Title VII of the Civil Rights Act of 1964, 2000e-2 (c) (1) if they "discriminate against, any individual because of his race, color, religion, sex or national origin. Rivera alleges that a male employee's grievance was arbitrated by the Union in December 2001 because the grieving employee was a male whereas her's was not because she is a female. Accepting as true all well-pleaded factual allegations and drawing all inferences in Rivera's favor, as this court must, Rivera has stated a claim for which relief can be granted. The Union's motion to dismiss plaintiff's Count VI is denied.

Because the continuing force of the CBA remains an issue, the RTHD's motion to strike the portions of Rivera's complaint that reference an existing CBA after July 30, 2001 is denied. Also, the RTHD's motion to exclude evidence under Fed R. Evid. 408 is premature. The matter is more appropriately considered nearer to trial. The motion is denied.